26-235
Chen v. Bondi

BIA
Nelson, IJ
A200 168 358

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

YI CHEN,

> *Petitioner,*

> v.                                                                                      26-235
>                                                                                            NAC

PAMELA BONDI, UNITED STATES ATTORNEY
GENERAL,

*Respondent.*

_____

FOR PETITIONER:                 Keith S. Barnett, Esq., New York, NY.

FOR RESPONDENT:                 Stuart F. Delery, Assistant Attorney General;
                                Shelley R. Goad, Assistant Director, Office of
                                Immigration Litigation; Dalin R. Holyoak,
                                Trial Attorney, Office of Immigration
                                Litigation, United States Department of
                                Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Yi Chen, a native and citizen of the People's Republic of China,

seeks review of an August 9, 2013 decision of the BIA affirming a December 5, 2011

decision of an Immigration Judge ("IJ") denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT"). *In re Yi Chen*, No. A200 168 358 (B.I.A. Aug. 9, 2013), *aff'g* No. A200 168

358 (Immig. Ct. N.Y.C. Dec. 5, 2011). We assume the parties' familiarity with the

underlying facts and procedural history.

We review the IJ's decision "as modified by" the BIA. *Xue Hong Yang v.*

*U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). When conducting that review,

we examine "the agency's . . . adverse credibility findings under the substantial evidence standard, which requires that the [findings] be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks omitted). Meanwhile, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an

3

adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Chen contends that police in China detained and beat him because he attended a Christian church that had not registered with the Chinese government. But Chen provided inconsistent evidence regarding (i) a car accident that purportedly solidified his religious faith, (ii) where he was detained after his first arrest and how much bail his family paid to secure his release, (iii) where he awoke after police knocked him unconscious after his second arrest, and (iv) what occurred after he left the hospital. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Because Chen did not compellingly explain any of these contradictions, they provided substantial evidence for the IJ's adverse-credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); 8 U.S.C. § 1158(b)(1)(B)(iii).

4

And that determination is dispositive because all three forms of relief that Chen seeks are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court